THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Andros, Inc., dba Georgia's Greek Restaurant; Marieli Cestari-Cuenca; and Oscar Flores-Camacaro,<br><br>     Plaintiffs,<br><br>vs.<br><br>United States of America; U.S. Department of Labor; Hilda L. Solis, Secretary of USDOL U.S. Citizenship and Immigration Services; and Gerard Heinauer, Director of Nebraska Service Center,<br><br>     Defendants. | No.  C10-303Z<br><br>ORDER |

THIS MATTER comes before the Court on the motion for summary judgment, docket no. 17, filed by Defendants United States of America, United States Department of Labor ("DOL"), Secretary of DOL Hilda L. Solis, Director of United States Citizenship and Immigration Services ("USCIS") Alejandro Mayorkas, and Director of Nebraska Service Center Gerard Heinauer (collectively the

"Government"), and the cross-motion for summary judgment, docket no. 18, filed by

Plaintiffs Andros, Inc., Marieli Cestari-Cuenca ("Cestari"), and Cestari's husband,

Oscar Flores-Camacaro ("Flores").  The Court construed arguments in Plaintiffs'

Reply, docket no. 22, as a motion to substitute T. Kazakos, Inc. for Andros, Inc. as the

real party in interest, and permitted the Government to file supplemental briefing in

response.  See Minute Order, docket no. 24.  The Government has indicated no

objection, and the Court therefore GRANTS Plaintiffs' motion to substitute.  Having

reviewed all papers filed in support of and in opposition to the remaining motions, the

Court now enters the following Order.

## BACKGROUND

On February 18, 2010, Plaintiffs filed the present complaint seeking declaratory

and injunctive relief.  Plaintiffs seek judicial review of the regulation,[1] which

invalidated Andros, Inc.'s labor certification.  Alternatively, Plaintiffs ask the Court to

apply equitable tolling to the validity period and order USCIS to adjudicate Andros,

Inc.'s I-140 petition.[2]  Plaintiffs' ultimate goal in seeking relief from this Court is to

enable Cestari to apply for an employment-based immigrant visa.

On January 29, 2000, Cestari, a national of Venezuela, was admitted to the

United States on an F-1 student visa.  Administrative Record A095560921 ("AR") at

---

[1] Prior to the amendment of the regulation, labor certifications were valid indefinitely.  20
C.F.R. § 656.30(a) (2006).  Following a notice and comment rulemaking process, the DOL
amended the regulation (with an effective date of July 16, 2007) to impose a 180-day validity
period to approved labor certification.  20 C.F.R. § 656.30(b).
[2] The Court does not reach the issues on the merits because the Court concludes that Plaintiffs
lack standing.

ORDER - 2

L8, L13.  On September 16, 2000, Flores, also a national of Venezuela, entered the United States on an F-1 student visa.  AR at L27.  Sometime in April of 2001, Cestari began working for Andros, Inc.  AR at R17.  Plaintiffs do not dispute that Cestari was not authorized to be employed in the United States based on her F-1 student visa.

Plaintiffs allege that an Application for Alien Employment Certification (Form ETA-750) on behalf of Cestari was mailed and received by DOL on or around April 30, 2001.  SAR at 50, ¶¶ 3-4.  On February 21, 2002, Plaintiffs refiled a Form ETA-750 application (Id. at 51, ¶ 6) (Andros, Inc. as petitioning employer and Cestari as beneficiary), and that application was approved by DOL on October 16, 2006.  Id. at 16.  Plaintiffs took no further action with regards to Cestari's employment-based visa application until 2009.  Id. at 51, ¶¶ 7-8.  Meanwhile, the regulation governing the validity of approved labor certifications was amended effective July 16, 2007, rendering Andros, Inc.'s labor certification invalid, if not filed with an I-140 petition by January 12, 2008.

On January 17, 2003, United States Immigration and Customs Enforcement ("ICE"), initiated removal proceedings against Cestari for failure, after admission as a non-immigrant, to maintain or comply with the conditions of non-immigrant status.  AR at L15-7; see also AR at L26.  In July, 2003, Cestari applied for asylum.  See AR at L170.  On September 10, 2003, the Immigration Judge ("IJ") denied Cestari's application for asylum and ordered her removed.  AR at L111.  The IJ granted Cestari voluntary departure, allowing her until November 10, 2003, to depart the United

States.  Id.  Cestari did not leave the country as ordered, and the parties do not dispute that she has been unlawfully present in the United States for approximately seven years.[3]

On March 19, 2009, after Cestari's priority date[4] had become current, Andros, Inc. submitted a Petition for Alien Worker (Form I-140) to have Cestari classified in the appropriate preference category.  AR at L363-405; see also SAR at 2-6.  On March 23, 2009, Andros, Inc.'s application materials and fees were returned because the I-140 petition was not supported by a valid labor certification.  SAR at 16.  Meanwhile, prior to the filing of the I-140 petition, on May 1, 2007, Andros, Inc. became a dissolved corporation.  Gov't Ex. A, docket no. 19-1.

## DISCUSSION

### A.  Summary Judgment Standard

Summary judgment shall be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When a properly supported motion for summary judgment has been presented, the adverse

---

[3] Subsequent to the IJ's decision, Cestari was involved in a number of proceedings before the Board of Immigration Appeals ("BIA"), none of which granted her the relief sought.  See AR at L224-5, L228, L317.  Sometime in 2009, Cestari retained new counsel and filed an appeal with the Ninth Circuit seeking review of the IJ's decision; that appeal is currently pending.

[4] The "priority date" is the date on which the application for labor certification was filed, as defined by 8 C.F.R. § 204.5.  The "priority date" becoming current indicates that an immigrant visa number is available for an applicant.

party "may not rely merely on allegations or denials" of its pleadings.  Fed. R. Civ. P. 56(e).  The non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial.  Id.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### B.  **The Statutory Framework**

The Immigration and Naturalization Act ("INA"), codified under Title 8 of the United States Code, and its accompanying regulations, sets out a three-step process for obtaining an employment-based immigrant visa. The process consists of (1) issuance of a labor certification from DOL, (2) classification of the foreign worker by USCIS in the appropriate preference category, and (3) issuance of a visa (if the alien is outside of the Unites States) or the approval of an adjustment of status (if alien has already been admitted to the United States.)

The first stage of this process involves the certification by DOL that the issuance of an employment-based visa and admission of the alien worker to the United States will not have an adverse affect to the American labor force.  The relevant statute provides in part:

> "In order for an alien to obtain an employment-based immigrant visa for entry into the United States, the Department of Labor ("DOL") must first certify that: (1) There are not sufficient United States workers who are able, willing, qualified and available at the time of application for a visa and admission into the United States and at the place where the alien is to perform the work; and (2) The employment of the alien will not adversely affect the wages and working conditions of United States workers similarly employed."

See 8 U.S.C. § 1182(a)(5)(A)(i)(I-II).  The employer applies for a DOL labor

certification by filing an Application for Permanent Employment Certification

(electronic Form ETA-9098).  See 20 C.F.R. § 656.17(a).[5]

During the second stage, if a labor certification is issued by DOL, the employer

then files a Petition for Alien Worker (Form I-140) with USCIS, in order to have the

foreign-worker beneficiary classified in the relevant preference category under

8 U.S.C. § 1153(b).

At the third stage of the process, upon the approval of the Form I-140 petition,

and once the applicant's priority date becomes current, the beneficiary employee can

file to obtain an immigrant visa.  If outside of the United States, the beneficiary

employee can apply for an immigrant visa at their local consular office.  See 22 C.F.R.

§ 42.61.  If the alien has already been admitted to the United States, the alien can apply

for an adjustment of status by filing a Form I-485 with USCIS.  8 U.S.C. § 1255.

### C. **Standing**

To bring suit in federal court, a plaintiff must establish constitutional standing.

Lujuan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  To meet the threshold

requirement of standing, the plaintiff bears the burden of demonstrating (1) an injury

in fact, (2) causation, and (3) redressibility.  Id. at 561.  Injury in fact requires more

than an injury to a cognizable interest; it requires that the party seeking review be

---

[5] Prior to March 28, 2005, an employer applied for labor certification by filing Application for
Alien Employment Certification (Legacy Form ETA-750).  20 C.F.R. § 656.21 (2004).
Andros, Inc.'s labor certification was filed under the predecessor regulation, so references in
this case will be made to DOL's Legacy Form ETA-750.

himself among the injured.  Id. at 563.  Furthermore, "[r]edressibility requires an analysis of whether the court has the power to right or to prevent the claimed injury." Gonzalez v. Gorsuch, 688 F.2d 1263, 1267 (9th Cir. 1982).  A party must show a "substantial likelihood" that the relief sought would redress the alleged injury.  Lujuan, 504 U.S. at 561; see also Mayfield v. U.S., 599 F.3d 964, 971 (9th Cir. 2010).  For the reasons below, the Court concludes that Plaintiffs have failed to demonstrate a redressible injury.[6]

The Government argues that both Cestari and T. Kazakos, Inc. lack standing because their harm, if any, is not redressible through a favorable decision by this Court.  The Government maintains that even if USCIS was ordered to adjudicate the I-140 petition filed on Cestari's behalf, Cestari is statutorily ineligible for adjustment of status, due to her failure to maintain lawful presence in the United States.  See 8 U.S.C. § 1255(c)(2), (7).   Plaintiffs respond that Cestari is eligible for adjustment of status because Cestari is grandfathered-in under INA § 245(i), 8 U.S.C. § 1255(i).

---

[6] With regard to Cestari's standing, district courts have held that an alien lacks Article III standing to challenge the denial of an immigration petition where the alien is not the petitioner but merely the beneficiary.  See George v. Napolitano, 693 F.Supp.2d 125, 130 (D.D.C. 2010); see also Li v. Renaud, 709 F.Supp.2d 230, 236 n.3 (S.D.N.Y. 2010); see also Ibraimi v. Chertoff, 2008 WL 3821678 (D.N.J. 2008).  The parties cite no Ninth Circuit authority, and the Court has found none, which addresses this issue squarely.  The Court does not reach this issue because Cestari ultimately lacks standing on other grounds.  In addition, Flores, Cestari's husband, is present in this action as a derivative beneficiary of Cestari's employment-based visa proceeding.  See Pls' Mot. for Summ. J., docket 18 at 9:11-21.  Flores is not the proper plaintiff to assert Cestari's rights in this action.  See generally Warth v. Seldin, 422 U.S. 490, 499 (1975) ("plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). The Court concludes that Flores lacks standing and his claims are DISMISSED with prejudice.

Section 245(a) of the INA provides that an alien who is already admitted to the United States can adjust their status to that of an alien admitted for permanent residence "if . . . (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."  8 U.S.C. § 1255(a).  Section 245(c), excludes certain aliens by stating that "subsection (a) of this section shall not be applicable to an alien who . . . accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed . . . to maintain continuously a lawful status since entry into the United States; . . . or who has otherwise violated the terms of a nonimmigrant visa."  8 U.S.C. § 1255(c).  Shortly after being admitted to the United States, Cestari began unauthorized employment with Andros, Inc.  Subsequently, on September 10, 2003, the IJ found that Cestari had violated her nonimmigrant student status and was removable from the United States. Due to her accepting unauthorized employment and her failure to maintain lawful status, Cestari is ineligible to apply for adjustment of status under Section 245.

In response, Cestari argues that she is grandfathered-in under Section 245(i). Section 245(i) provides that notwithstanding subsections (a) and (c), an alien who was physically present in the United States on December 21, 2000, and is the beneficiary of a labor certification application filed pursuant to DOL regulations on or before April 30, 2001, may apply for the adjustment of his or her status to that of an alien lawfully

admitted for permanent residence.  8 U.S.C. § 1255(i)(1).  Plaintiffs allege that they

mailed an application on or before April 30, 2001.  However, there is no credible

evidence in the record to support such an allegation.  Under the summary judgment

standard, mere allegations are not enough.  See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986) (a party cannot create a genuine issue of fact

by asserting "some metaphysical doubt" as to a material fact).  Moreover, even if an

application was mailed before or on April 30, 2001, such an application is not

considered properly filed under the statute until the application is received *and*

*accepted* for processing.  See 8 C.F.R. § 245.10(a)(1)(i)(B), (2)(i).  The record lacks

any evidence that an application, mailed prior to the April 30, 2001, cut-off date, was

received and accepted for processing.  In addition, Plaintiffs in their filings with the

USCIS seem to concede that the priority date is February 2002, rather than April 30,

2001.  See SAR at 7.  The Court concludes that Plaintiffs have failed to establish that

Cestari qualifies for the exemption under Section 245(i).[7]

Although it is possible that Cestari may apply for and be able to obtain a visa

some ten years after her departure, this possibility does not establish a "substantial

---

[7] Plaintiffs also argue that even if Cestari is ineligible to apply for adjustment of status, she
can leave the United States and apply for a visa from her home country.  However, to be
approved for a visa, Cestari must be admissible to the United States.  See 8 U.S.C.
§ 1201(g)(1).  An alien who departs the United States after being unlawfully present for one
year or more is inadmissible to the United States for ten years.  See 8 U.S.C.
§ 1182(a)(9)(B)(i)(II).  After being declared removable by the IJ in 2003, Cestari has been
unlawfully present in the United States for nearly seven years.  Thus, Cestari is inadmissible
under the statute and is therefore ineligible for a visa for at least ten years after departing the
United States.

likelihood" that the relief sought (i.e. the adjudication of the I-140 petition filed on her behalf) would redress Cestari ultimate injury, her current inability to obtain permanent residency in the United States.  The Court concludes that Plaintiffs have failed to demonstrate a redressible injury, and therefore lack standing to challenge the DOL regulation.

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

(1)     Plaintiffs' motion to substitute real party in interest, docket no. 22, is GRANTED; T. Kazakos, Inc. is SUBSTITUTED for Andros, Inc. as plaintiff in this action;

(2)     Defendants' motion for summary judgment, docket no 17, is GRANTED;

(3)     Plaintiffs' cross-motion for summary judgment, docket no 18, is DENIED;

(4)     This case is DISMISSED with prejudice; and

(5)     The Clerk is directed to enter JUDGMENT consistent with this Order and to send copies of this Order to all counsel of record.

DATED this 2nd day of December, 2010.

Thomas S. Zilly
United States District Judge

ORDER - 10